IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES DAVID BERLINGHOFF,

    Plaintiff,     No. CIV S-11-2316 GEB DAD P

    vs.

MAX RUFFCORN, et al.,     ORDER AND

    Defendants.     FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiff, an inmate at the Shasta County Jail proceeding pro se, has filed what he characterizes in his Judicial Council of California form complaint as a general negligence action against defendant Ruffcorn, a Shasta County Deputy Public Defender. Plaintiff has also filed a request for leave to proceed in forma pauperis.

    As to plaintiff's request for leave to proceed in forma pauperis, the court finds that plaintiff has not used the proper form and he has not provided a certified copy of his inmate trust account statement for the six-month period immediately preceding the filing of this action. Therefore, his in forma pauperis application will be denied.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In his form complaint, plaintiff appears to allege that in 2011, his Shasta County Deputy Public Defender Max Ruffcorn committed "legal malpractice" when he failed to file a motion for a change of venue based upon the prejudicial press coverage plaintiff's criminal case had received. (Doc. No. 1 at 5.) However, it appears that plaintiff is currently awaiting trial. This court is barred from directly interfering with an ongoing criminal proceedings, except under extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 46 (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1985) ("When a state criminal prosecution has begun the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."). Here, petitioner has not alleged that such extraordinary circumstances exist. Younger, 401 U.S. at 48-50. Moreover, petitioner may raise any constitutional claims he wishes to present in his pending criminal proceedings in state court. Lebbos v. Judges of the Superior Court, 883 F. 2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'").

If plaintiff's criminal proceedings have concluded since the filing of his civil complaint, plaintiff's complaint continues to be subject to dismissal. Plaintiff may not bring a civil suit for damages claiming an unconstitutional conviction or imprisonment absent proof that the conviction or sentence in question has been reversed, expunged or declared invalid. Heck v. Humphrey, 512 U.S. 477, 486 (1994).

Accordingly, IT IS HEREBY ORDERED that plaintiff's August 31, 2011 request for leave to proceed in forma pauperis (Doc. No. 2) is denied without prejudice.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed as barred by Younger v. Harris, 401 U.S. 37, 46 (1971).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 25, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
berl2316.fsc2

3